UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PARKLAND CHAMBER OF COMMERCE, INC. and
DOUG EATON, individually and as President of
of Parkland Chamber of Commerce, Inc.

    Plaintiffs,                                                Case No. 0:24-cv-62400

vs

MOUNT VERNON FIRE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, PARKLAND CHAMBER OF COMMERCE, INC. ("Parkland Chamber") and DOUG EATON, individually and as President of Parkland Chamber of Commerce, Inc. ("Mr. Eaton") (collectively the "Plaintiffs") sue Defendant, MOUNT VERNON FIRE INSURANCE COMPANY, a Pennsylvania corporation ("Mount Vernon"), and allege:

### I. NATURE OF THE ACTION AND PARTIES

1. This is an action for declaratory judgment pursuant to Florida Statute Chapter 86, Rule 57 of the Federal Rules of Civil Procedure and 28 USC § 2201 arising out of Mount Vernon's failure to defend Plaintiffs in the lawsuit styled *South Florida Muslim Federation Inc., et al. v. Atrium TRS I, LP, et al.*, Case No. 0:24-cv-61811-AHS in the United States District Court for the Southern District of Florida (the "Underlying Case"). A copy of the complaint in the Underlying Case is attached as Exhibit "A".

2. At all relevant times, the Parkland Chamber was/is a Florida non-profit corporation authorized to do business in the State of Florida and maintains its principal office in Broward County, Florida at 7957 N. University Drive, Suite 111, Parkland, Florida 33067.

Complaint for Declaratory Relief - 2

3. At all relevant times, Doug Eaton was/is a resident of Broward County, Florida and is otherwise, *sui juris*.

4. At all relevant times, Mount Vernon was/is a Pennsylvania corporation authorized to do business in Florida, offering insurance policies in the State of Florida.

5. Mount Vernon issued a non-profit management liability policy to Plaintiffs.

## II. JURISDICTION AND VENUE

6. This is a Complaint for Declaratory Judgment brought pursuant to Chapter 86, Florida Statutes, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiffs and Defendant.

7. This Court has jurisdiction over this action under the provision of 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b); Plaintiffs are located in and maintain a principal office in and doing business in this district and the acts and/or omissions complained of herein took place, in whole or in part, within the venue of this Court.

9. A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court for Plaintiffs to have their rights and duties under the applicable contract of insurance determined.

## III. FACTUAL BACKGROUND

10. In return for the payment of a premium, Mount Vernon issued Policy No.: NBP2556963A to Plaintiffs for the policy period of August 23, 2024 to August 23, 2025[1] (the

---

[1] Mount Vernon had also issued a policy to Plaintiffs for the preceding policy period of August 23, 2023 through August 23, 2024.

Complaint for Declaratory Relief - 3

"Policy"). The Policy provides an aggregate policy limit of $1,000,000. A copy of the Policy is attached hereto as Exhibit "B."

11. Under the Policy, the Defendant has a duty to defend Plaintiffs against any lawsuit setting forth a claim, as defined by the Policy, first made against an individual Insured during the policy period. *See* Exhibit "B."

12. The Policy provides in relevant part:

Non-Profit Management Liability Policy – Directors and Officers Coverage Part (Form No. DO 100 (05-17)

    I.    INSURING AGREEMENTS

***

    A. Individual Insured – Non-Indemnified Coverage

> The Company will pay, on behalf of an Individual Insured, Loss and Defense Costs resulting from a Claim first made against an Individual Insured during the Policy Period, or Extended Reporting Period, if applicable, to the extent such Individual Insured is not indemnified by the Organization for such Loss and Defense Costs.

    B. Individual Insured – Indemnified Coverage

> The Company will pay, on behalf of the Organization, Loss and Defense Costs resulting from a Claim first made against an Individual Insured during the Policy Period, or Extended Reporting Period, if applicable, but only to the extent the Organization indemnifies such Individual Insured for such Loss and Defense Costs as permitted or required by law.

    C. Organization Coverage

> The Company will pay, on behalf of the Organization, Loss and Defense Costs resulting from a Claim first made against the Organization during the Policy

Period, or the Extended Reporting Period, if applicable.

\*\*\*

III. Definitions

Claim means any:

\*\*\*

    2. civil proceeding commenced by service of a complaint or similar pleading;

\*\*\*

received by, or brought or initiated against any Insured alleging a Wrongful Act, including any appeal therefrom.

\*\*\*

Defense Costs means:

    1. reasonable and necessary legal fees and expenses incurred by the Company, or by any attorney designated by the Company to defend the Insured; and

    2. all other fees, costs, costs of attachment or similar bonds (without any obligation on the Company's part to apply for or furnish such bonds);

resulting from the investigation, adjustment, defense and appeal of a Claim. Defense Costs does not include Loss or the Insured's salaries, wages, overhead or benefits expenses.

\*\*\*

Wrongful Act means any:

    1. actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duties;

    2. Personal Injury Wrongful Act;

    3. Publisher Wrongful Act; or

    4. Employed Attorney Services

Complaint for Declaratory Relief - 5

    committed or allegedly committed by:

    a. the Organization;

        b. any Individual Insured, arising solely from duties conducted on behalf of the Organization or asserted against an Individual Insured because of 1. above; or

    c. any Individual Insured while acting in an Outside Capacity.

*See* Exhibit "B."

13.    On September 30, 2024, the South Florida Muslim Federation (the "SFMF") filed the Underlying Case.

14.    According to the allegations of the complaint in the Underlying Case, in May 2023, SFMF signed a contract to hold a conference at the Fort Lauderdale Marriott Coral Springs Hotel and Convention Center. *See* Ex. "A" at ¶ 2.

15.    The complaint further alleges that the Parkland Chamber engaged in a public pressure campaign wherein the various defendants in the Underlying Case sought to procure cancelation of the conference. *See* Ex. "A" at ¶¶ 4, 31, 43, and 72.

16.    The complaint alleges that between January 5 and 6, 2024, Mr. Eaton and the Parkland Chamber sent e-mail communications to members of the Parkland Chamber and posted messages on Instagram regarding the SFMF's conference and its subsequent cancelation. *See* Ex. "A" at ¶¶ 49, 51, 59 and 61.

17.    The complaint asserts four Counts. While it is difficult to ascertain with certainty which Counts are meant to correspond with the Plaintiffs herein due to the manner in which the complaint was drafted, it appears that only Counts I, III, and V apply to Plaintiffs. Count I alleges Unlawful Discrimination in a Place of Public in violation of 42 U.S.C. § 2000a; Count III alleges

Complaint for Declaratory Relief - 6

Conspiracy to Interfere with Civil Rights in Violation of 42 U.S.C. §1985; and Count V alleges tortious interference with Business Relationship under Florida law. *See* Ex. "A".

18. Based on its allegations in the Underlying Case, SFMF asserts that it is entitled to compensatory and punitive damages and injunctive relief. *See* Ex. "A" ¶¶ 87, 97 (a) through (g).

19. SFMF filed the complaint in the Underlying Case during the Policy period.

20. Plaintiffs provided timely notice of the Underlying Case to Mount Vernon.

21. Following an investigation by Mount Vernon, the claim was denied. In support of its denial, Mount Vernon cites the following two exclusions related to alleged intentional conduct and discrimination:

**Non-Profit Management Liability Policy – Directors and Officers Coverage Part (Form No. DO 100 (05-17)**

IV. EXCLUSIONS

A. The **Company** shall not be liable to make payment for **Loss** or **Defense Costs** in connection with any **Claim** made against the **Insured** arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

Conduct

> 1. deliberately fraudulent act, omission, criminal act, or willful violation of any statute or regulation by any **Insured**;
> ***
> provided that this exclusion will not apply to **Defense Costs** incurred until:
>
>> a. a final, non-appealable adjudication in any underlying proceeding or action establishes such conduct; or
>>
>> b. the **Insured** has admitted, stipulated or pleaded no contest to such conduct;

Discrimination

> discrimination, including but not limited to discrimination based on religion, race, creed, color, sex, age, marital status, sexual preference, pregnancy, handicap or disability;

Complaint for Declaratory Relief - 7

22. As to the Conduct Exclusion, this provision does not relieve Mount Vernon of its duty to defend unless there has been an adjudication of the matter establishing the alleged conduct or the Insureds have in some manner conceded the nature of the conduct. As neither condition has been met, the exclusion is inapplicable to the instant matter.

23. The Discrimination Exclusion does not apply to the allegations made against Plaintiffs as to Count V, which alleges tortious interference.

24. Specifically, in Paragraph 5 of the complaint in the Underlying Case, SFMF separates its allegations in relation to discrimination from those of common law breach of contract and common law tortious interference. *See* Ex. "A" ¶5.

25. In Count V, SFMF alleges that Plaintiffs "collectively and/or individually, negligently and/or maliciously attempted to deprive Plaintiffs of the benefits owed to them under their contract with Defendant Coral Springs Marriott by participating in public and private campaign to pressure Defendant Coral Springs Marriott to cancel its contract with Plaintiffs." *See* Ex. A ¶94.

26. These allegations are directed to the interference with a business relationship by Plaintiffs and are unrelated to any potential allegations of discrimination against the SFMF by Plaintiffs.

27. Pursuant to Federal and Florida law, if a complaint alleges facts partially within and partially outside the scope of coverage, an insurer is obligated to defend the entire suit. *Trizec Properties, Inc. v. Biltmore Const. Co., Inc.,* 767 F.2d 810 (11th Cir. 1985).

28. In addition to the Policy provisions cited above, Plaintiffs believe, but are unsure whether other portions of the Policy provide a defense, based on the allegations contained in the complaint filed in the Underlying Case. Specifically, Plaintiffs believe the Non-Profit Management

Complaint for Declaratory Relief - 8

Liability Policy - Employment Practices Coverage Part (Form DO 101 (05-17)) along with the Business Liability Coverage Part (Form BP 00 03 (1/10)) and other related portions of the Policy obligate Defendant to provide a defense to the Underlying Case. *See* Ex. "B."

29. Plaintiffs have incurred, and will continue to incur, substantial costs to defend the Underlying Case.

30. All relevant conditions and requirements imposed on the Plaintiffs by the Policy, including payment of premiums, have been satisfied, are subject to waiver or estoppel, or are otherwise excused.

## COUNT I
## ACTION FOR DECLARATORY JUDGMENT AS TO MOUNT VERNON'S DUTY TO DEFEND PLAINTIFFS

22. Plaintiffs re-allege and incorporate Paragraphs 1 through 30, as if fully set forth herein.

23. This is an action for declaratory judgment pursuant to §28 U.S.C. §§2201 *et. seq.* ("Declaratory Judgment Act") and Florida Statute §86.021. The purpose for declaratory judgment is "…to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Fla. Stat. § 86.101 (2024). "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Fla. Stat. § 86.111 (2024).

24. There exists an ongoing and justiciable dispute between Plaintiffs and Mount Vernon with respect to the existence and extent of coverage, including defense costs, coverage benefits, and/or contractual remedies available to Plaintiffs under the Policy.

25. In accordance with the Declaratory Judgment Act, an actual case or controversy exists, and Plaintiffs have genuine concerns and questions about their legal status, rights, and

Complaint for Declaratory Relief - 9

Mount Vernon's duties under the Policy; thus, they are *See*king from this Court a judicial declaration of said status, rights, duties and responsibilities.

26. Mount Vernon is obligated to defend Plaintiffs in regard to the Underlying Case.

27. Mount Vernon has failed to fulfill its duty to defend Plaintiffs in the Underlying Case. As of the date the complaint was filed in the Underlying Case, Plaintiffs have incurred substantial defense costs and continue to accrue and incur substantial defense costs.

28. Mount Vernon has taken the position that it is not obligated under the Policy to defend Plaintiffs against the Underlying Case.

29. Plaintiffs have taken the position that the policy does obligate Mount Vernon to defend Plaintiffs in the Underlying Case.

30. Plaintiffs and Mount Vernon are therefore in doubt as to whether Mount Vernon has a duty to defend Plaintiffs against the Underlying Case under the Policy.

31. The facts set forth above demonstrate the existence of a present, continuing and substantial controversy involving specific, adverse claims regarding the interpretation and effect of the Policy, and the rights and obligations of the parties under the Policy, which claims are ripe for adjudication.

32. The issuance of declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

33. Plaintiffs therefore seek a declaration from this Court that Mount Vernon is required, pursuant to the terms of the Policy and applicable Federal and Florida law, to defend Plaintiffs in the Underlying Case.

34. Plaintiffs request a declaratory judgment from this Court:

Complaint for Declaratory Relief - 10

    a.    Declaring that under the terms of the Policy and applicable Federal and Florida law, Defendant has a duty to defend Plaintiffs in the Underlying Case;

    b.    Declaring that under the terms of the Policy and applicable Federal and Florida law, Defendant is liable to reimburse, or to pay on Plaintiffs' behalf, all attorneys' fees and costs incurred in the Underlying Case;

    c.    Declaring that the Policy between Plaintiffs and Mount Vernon was in full force and effect at all relevant times;

    d.    Declaring that at all relevant times, Plaintiffs were the Named Insureds under the Policy;

    e.    Declaring that to the extent the Policy contain any ambiguities, either as written or as applied to the instant facts, this Court construes coverage, as it relates to Mount Vernon's duty to defend, in favor of Plaintiffs;

    f.    Granting such other and further relief as this Court deems just and proper, including awarding Plaintiffs interest, as well as its attorneys' fees and costs pursuant to Florida Statutes Section 86.121 incurred in connection with this action.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on any issues which may be triable by jury as provided by Federal and Florida law.

Complaint for Declaratory Relief - 11

Dated December 20, 2024.

                                          LEADER, LEADER & ZUCKER, PLLC
                                          Attorneys for Plaintiffs
                                          633 South Andrews Avenue
                                          Suite 201
                                          Fort Lauderdale, FL   33301
                                          (954) 523-2020 - Telephone
                                          (954) 523-2525 - Facsimile
                                          Primary Service E-Mail: mleader@leader-law.com
                                          Secondary Service E-Mail: service@leader-law.com

                                          BY:    <u>/s/Michael D. Leader</u>
                                                           MICHAEL D. LEADER, ESQ.
                                                           Florida Bar No: 343950
                                                           SCOTT R. ZUCKER, ESQ.
                                                           Florida Bar No.: 71301